UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 26 CR 336 |
| v. | |
| DEMETRIUS BARNETTI | Judge Manish S. Shah |

**AGREED PROTECTIVE ORDER GOVERNING DISCOVERY**

Upon the agreed motion of the government, pursuant to Fed. R. Crim. P. 16(d) and 18 U.S.C. § 3771(a)(1) and (8), it is hereby ORDERED:

1. All of the materials provided by the United States in preparation for, or in connection with, any stage of the proceedings in this case (collectively, "the materials") are subject to this protective order and may be used by defendant and defendant's counsel (defined as counsel of record in this case) solely in connection with the defense of this case, and for no other purpose, and in connection with no other proceeding, without further order of this Court.

2. Certain materials disclosed or to be disclosed by the government contain particularly sensitive information, including information concerning minor victims, the sexual abuse of one or more persons other than the defendant, or investigative methods pertaining to the categories above. These materials shall be plainly marked as sensitive by the government prior to disclosure ("Sensitive Materials"). All Sensitive Materials are subject to this protective order and may be used by defendant and defendant's counsel solely in connection with the defense of this case, and for no

other purpose, and in connection with no other proceeding, without further order of this Court.

3.      No such Sensitive Materials, or the information contained therein, may be disclosed to any persons other than (i) defendant, (ii) counsel for defendant, (iii) persons employed to assist the defense, (iv) the person(s) to whom the sensitive information solely and directly pertains, and (v) other persons to whom the Court may authorize disclosure (collectively, "authorized persons") without prior notice to the government and authorization from the Court. Potential witnesses and their counsel may be shown copies of the materials as necessary to prepare the defense but may not retain copies of the Sensitive Materials without authorization by the Court.

4.      Absent prior agreement by the government or prior permission from the Court, information marked as sensitive shall not be included in any public filing with the Court, and instead shall be submitted under seal (except in the case of a defendant who chooses to include in a public document sensitive information relating solely and directly to the defendant making the filing).

5.      Defendant, defendant's counsel, and authorized persons shall not copy or reproduce the materials, including the Sensitive Materials, except in order to provide copies of the materials for use in connection with this case by defendant, defendant's counsel, and authorized persons. Such copies and reproductions shall be treated in the same manner as the original materials.

6.     Defendant, defendant's counsel, and authorized persons shall not disclose any notes or records of any kind that they make in relation to the contents of the Sensitive Materials, other than to authorized persons, and all such notes or records are to be treated in the same manner as the original materials.

7.     Before providing materials to an authorized person, defense counsel must provide the authorized person with a copy of this Order.

8.     Upon conclusion of all stages of this case, all of the materials and all copies made thereof shall be disposed of in one of three ways, unless otherwise ordered by the Court. The materials may be (1) destroyed; (2) returned to the United States; or (3) retained in defense counsel's case files. The Court may require a certification as to the disposition of any such materials. In the event that the materials are retained by defense counsel, the restrictions of this Order continue in effect for as long as the materials are so maintained, and the materials may not be disseminated or used in connection with any other matter without further order of the Court.

9.     To the extent any material, sensitive or otherwise, is produced by the United States to defendant or defendant's counsel by mistake, the United States shall have the right to request the return of the material and shall do so in writing. Within five days of the receipt of such a request, defendant and/or defendant's counsel shall return all such material if in hard copy, and in the case of electronic materials, shall

3

certify in writing that all copies of the specified material have been deleted from any location in which the material was stored.

10.     Certain copies produced by the government may be marked "attorney's eyes only" to the extent that they implicate the minor victims' privacy interests. These documents may be reviewed by counsel for defendant, but not by defendant himself.

11.     The restrictions set forth in this Order do not apply to documents that are or become part of the public court record, including documents that have been received in evidence at other trials, nor do the restrictions in this Order limit defense counsel in the use of discovery materials in judicial proceedings in this case, except that any document filed by any party which attaches or otherwise discloses specially identified sensitive information as described in Paragraph 2, above, shall be filed under seal to the extent necessary to protect such information, absent prior agreement by the government or permission from this Court.

12.     Nothing contained in this Order shall preclude any party from applying to this Court for further relief or for modification of any provision hereof.

ENTER:

MANISH S. SHAH
DISTRICT COURT JUDGE
United States District Court
Northern District of Illinois

Date: August 3, 2026

4